**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANICE ALVARADO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-cv-6747 |
| | ) | |
| NARVICK BROS. LUMBER CO. | ) | Judge: |
| | ) | |
| Defendant | ) | **Plaintiff Demands Trial By Jury** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JANICE ALVARADO, by her attorneys, John C. Kreamer and Joseph E. Urani of The Kreamer Law Group, LLC, and in complaining of the Defendant, NARVICK BROS. LUMBER CO., states as follows:

### NATURE OF THE CLAIM

1. This is a civil rights complaint for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Illinois Human Rights Act, 775 ILCS 5/101 *et. seq.,* as amended in 2008, including harassment and discrimination based on sex, female, retaliation, and hostile work environment.

2. The Plaintiff, JANICE ALVARADO (hereinafter "Alvarado" or "Plaintiff") is a female citizen of the United States and resident of Channahon, Illinois at all relevant times herein.

3. Alvarado was at all relevant times an employee of Defendant Narvick Bros. Lumber Co., (hereinafter "Narvick" or "Defendant") as a Bookkeeper but also performed several other tasks and job duties during her employment.

1

4. Narvick is an Illinois corporation, doing business in the State of Illinois at 801 Railway Court, Minooka, IL 60447 and is a covered entity within the meaning of Title VII and the IHRA.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court is invoked under 28 U.S.C. §1343(a)(3) and (4) and 28 U.S.C. §1331 to secure the protection of and to redress the deprivation of rights secured by Title VII. Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

6. Venue of this action properly lies in the Northern District of Illinois under 28 U.S.C. §1391, and 28 U.S.C. §1367(a).

**PROCEDURAL REQUIREMENTS**

7. Alvarado has fulfilled all conditions precedent to the institution of this action. She timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made a part hereof as *Exhibit A*.

**FACTUAL BACKGROUND**

8. Plaintiff Alvarado began her employment with Defendant on or about April 16, 2001. Plaintiff's most recent position with Defendant was Bookkeeper.

9. At all relevant times, Plaintiff was qualified for and performed her job to the legitimate expectations of her employer and beyond.

10. Throughout her employment beginning on or about December of 2015, Plaintiff was subjected to harassment and discrimination due to her sex, female, including but not limited to the following ways:

a) She was inappropriately and improperly touched repeatedly by Plant Manager, Tim Harty when he, including but not limited to, grabbed her buttocks and thrust himself against her numerous times.

b) She was inappropriately and improperly groped repeatedly by Plant Manager, Tim Harty when he, including but not limited to, grabbed her buttocks and thrust himself against her numerous times.

c) She was inappropriately photographed repeatedly on different parts of her body including but not limited to her buttocks by Dispatcher-now Driver, John Maddox Jr.

d) She was continuously harassed and subjected to inappropriate sexual comments by anyone who was shown the pictures taken by John Maddox Jr., including but not limited to Tim Harty.

e) She was repeatedly the victim of inappropriate sexual jokes and innuendos and comments by Plant Manager, Tim Harty.

f) She was otherwise harassed and discriminated against due to her sex.

11. On numerous occasions, Plaintiff made complaints to multiple supervisors about the above-referenced harassment and discrimination, including but not limited to owner Barry Narvick and Mark Sajnaj.

12. After making these complaints, the harassment and discrimination against Plaintiff did not cease, but continued.

13. Plaintiff filed a Charge of Discrimination with the EEOC on April 4, 2019.

14. After filing her Charge of Discrimination, the harassment and discrimination against Plaintiff continued and escalated.

15. Defendant, at no relevant time, took any necessary steps to resolve the above-referenced conduct complained about by Plaintiff.

16. After making her complaints and filing her Charge of Discrimination, Plaintiff was subjected to retaliation in that the harassment and discrimination against her continued and escalated.

17. After making her complaints and filing her Charge of Discrimination, Plaintiff was repeatedly told by Barry Narvick and Mark Sajnaj to drop the charges of discrimination and harassment and they have taken negative retaliatory steps toward the Plaintiff in the administration of her job duties and responsibilities after Plaintiff refused to drop the charges including but not limited to the following ways:

   a) Deliberately failed to get Plaintiff paperwork on time.

   b) Deliberately failed to get Plaintiff information she needed to complete OSHA Reports.

   c) Deliberately failed to get Plaintiff new driver information to complete Union Reports.

   d) Deliberately failed to respond to Plaintiff's texts and phone calls complaining that she was not receiving the necessary paperwork to fulfill her duties.

   e) Mark Sajnaj would threaten Plaintiff, telling her to "move on, get over it, and let it go." Mark Sajnaj would further make harassing statements to Plaintiff including but not limited to "Everyone knows that Tim and John

did to you, and you are spreading negativity.  They can say whatever they want but you had better be careful."

    f)    Deliberately failed to respond to a cease-and-desist letter sent on or about July 1, 2019, regarding the deliberate attempt of Mr. Sajnaj to withhold necessary paperwork from Plaintiff.

    g)    Deliberately interfered with the delivery of Plaintiff's paycheck on numerous occasions.

    h)    Mr. Sajnaj frequently lurked by the Plaintiff at her desk or in the hall by her office when she was trying to do her job. Mr. Sajnaj also drove by Plaintiff's office window stopping to gesticulate and taunt her.

    i)    Otherwise negatively and deliberately retaliated against Plaintiff.

18. Shortly after filing her Charge of Discrimination, Barry Narvick called Plaintiff at her desk and screamed and yelled at her for over 45 minutes asking Plaintiff "Why are you fucking suing me?"

19. As a result of all of the above, Plaintiff suffered and will continue to suffer from severe damages which seriously affected her physical and psychological well-being and caused her to suffer including but not limited to humiliation, degradation, emotional distress, damage to her reputation and stress-related illnesses.

20. Due to the actions and inactions of the Defendant, Plaintiff was constructively discharged on or about September 17, 2019.

## COUNT I – SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

21. Alvarado repeats and reasserts the allegations of paragraphs 1-20 as this paragraph as though fully set forth herein.

22. Alvarado is a member of a protected class based on her sex.

23. Alvarado in all respects was performing her job in a manner that was consistent with the Defendant's legitimate business expectations.

24. Defendant discriminated against Alvarado as described above, including but not limited to harassing her and subjecting her to a hostile work environment.

25. Alvarado made complaints regarding the above conduct of Tim Harty and John Maddox Jr. to Barry Narvick and Mark Sajnaj directly up to and until and after filing her Charge of Discrimination until her constructive discharge.

26. Defendant, through their supervisors, employees and agents failed to take any action to resolve the above conduct and did nothing to resolve Alvarado's complaints.

27. After Alvarado made said complaints, Barry Narvick and Mark Sajnaj treated Alvarado differently in retaliation for the same.

28. Alvarado was forced to resign and was constructively discharged on or about September 17, 2019. Other individuals were not terminated or forced to resign and were treated more favorably.

29. Defendant's proffered reason for Alvarado's discharge is pretextual. The reason Alvarado was forced to resign was due to her sex and the sexual harassment she endured and in retaliation for making the aforementioned complaints regarding the same.

30. By the above actions, but not limited to the same, Defendant discriminated against Alvarado in the terms, condition, and privileges of employment because of her sex, in violation of Title VII, and any alleged reasons given to the contrary are pretextual. Alvarado has suffered and will continue to suffer significant damages as a result of the above.

31. By the above actions, but not limited to the same, Defendant took adverse employment actions against Alvarado, which seriously affected her physical and psychological well-being, and caused her to suffer humiliation, degradation, emotional distress, damage to her reputation, lost wages, and other consequential damages. Any alleged reasons given to the contrary for Defendant's actions are pretextual.

32. Defendant's wrongful acts, individually and/or by and through its agents, were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Plaintiff's rights under Title VII and justify the awarding of exemplary and punitive/liquidated damages in this cause.

33. As a direct and proximate result of the acts engaged in by Defendant, Alvarado suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorneys' fees, costs and other damages allowable under Title VII. Alvarado has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, JANICE ALVARADO, respectfully requests judgment against Defendant, NARVICK BROS. LUMBER CO., in an amount that will fully compensate her for her

injuries and damages caused by the Defendant's violation of her rights under Title VII and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief as the Court deems just and appropriate.

**COUNT II**
**SEXUAL DISCRIMINATION IN VIOLATION OF THE IHRA**

34. Alvarado repeats and reasserts the allegations of paragraphs 1- 33 as this paragraph as though fully set forth herein.

35. Alvarado is a member of a protected class based on her sex.

36. Alvarado in all respects was performing her job in a manner that was consistent with the Defendant's legitimated business expectations.

37. The Defendant discriminated against Alvarado as described above including but not limited to harassing her, subjecting her to a hostile work environment, and forcing her to resign.

38. The Defendant also retaliated against Alvarado as described above.

39. As a direct and proximate result of the acts engaged in by Defendant, Alvarado suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress,

humiliation, embarrassment, physical harm, damage to reputation, attorneys' fees, costs and other damages allowable under the IHRA.

WHEREFORE, Plaintiff, JANICE ALVARADO, respectfully requests judgment against Defendant, NARVICK BROS. LUMBER CO., in an amount that will fully compensate her for her injuries and damages caused by the Defendant's violation of her rights under the IHRA and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, and prejudgment interest, as well as any further relief allowable under Title VII and as the Court deems just and appropriate.

## COUNT III
### RETALIATION IN VIOLATION OF TITLE VII

40. Alvarado repeats and reasserts the allegations of paragraphs 1-39 as this paragraph as though fully set forth herein.

41. Alvarado has a federally protected right to equal treatment in the workplace and she attempted to exercise that right by complaining to Defendant through her supervisors regarding the flagrantly inappropriate and illegal behavior of Defendant as outlined above.

42. Defendant refused to address and resolve Plaintiff's complaints.

43. The Defendant, through its supervisors and agents also engaged in illegal acts of retaliation against Alvarado, including but not limited to differential treatment, creation of a hostile work environment, and forced resignation.

44. All of these acts continually increased after Alvarado made complaints regarding this treatment.

45. Alvarado was wrongfully forced to resign and was constructively discharged on or about September 17, 2019, in retaliation for the complaints she made concerning the Defendant's unlawful conduct under Title VII.

46. As a direct and proximate result of the acts engaged in by Defendant, Alvarado suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under Title VII.

47. The above-mentioned acts of Defendant by and through its agents were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Alvarado's rights under Title VII and justify the awarding of exemplary and punitive/liquidated damages in this cause.

48. Alvarado has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, JANICE ALVARADO, respectfully requests judgment against Defendant, NARVICK BROS. LUMBER CO., in an amount that will fully compensate her for her injuries and damages caused by the Defendant's violation of her rights under Title VII and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages,

and prejudgment interest, as well as any further relief allowable under Title VII and as the Court deems just and appropriate.

## COUNT IV – RETALIATION IN VIOLATION OF THE IHRA

49. Alvarado repeats and reasserts the allegations of paragraphs 1-48 as this paragraph as though fully set forth herein.

50. Alvarado has a state-protected right to equal treatment in the workplace and she attempted to exercise that right by complaining to Defendant through her supervisors regarding the flagrantly inappropriate and illegal behavior of Defendant as outlined above.

51. Defendant refused to address and resolve Plaintiff's complaints.

52. The Defendant, through its supervisors and agents also engaged in illegal acts of retaliation against Alvarado, including but not limited to differential treatment, creation of a hostile work environment, and forced resignation.

53. All of these acts continually increased after Alvarado made complaints regarding this treatment.

54. Alvarado was wrongfully forced to resign and was constructively discharged on or about September 17, 2019, in retaliation for the complaints she made concerning the Defendant's unlawful conduct under the IHRA.

55. As a direct and proximate result of the acts engaged in by Defendant, Alvarado suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress,

humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under the IHRA.

56. Alvarado has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, JANICE ALVARADO, respectfully requests judgment against Defendant, NARVICK BROS. LUMBER CO., in an amount that will fully compensate her for her injuries and damages caused by the Defendant's violation of her rights under the IHRA and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, and prejudgment interest, as well as any further relief allowable under the IHRA and as the Court deems just and appropriate.

## COUNT V
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

57. Plaintiff repeats and reasserts the allegations of paragraphs 1-56 as this paragraph as though fully set forth herein.

58. By the above actions, but not limited to the same, Alvarado was subject to pervasive and continuous unwelcome harassment at the hands of Defendant, in the terms, conditions, and privileges of employment and/or in interfering with her work opportunities because of her sex, in violation of Title VII.

59. Defendant knew or should have known through Alvarado's complaints of the aforementioned harassment and failed to take prompt remedial action to stop and correct the same.

60. By the above actions but not limited to the same, Defendant created an intimidating, hostile and offensive work environment, which unreasonably interfered with Alvarado's work performance, work opportunities, and seriously affected her psychological well-being.

61. Other male employees were not subjected to the same or similar treatment as Plaintiff was.

62. Due to its inaction, Defendant condoned and ratified the aforementioned unlawful acts.

63. Defendant's wrongful acts were deliberate, intentional, willful, wanton, and malicious and oppressive and in total disregard and reckless indifference to Alvarado's rights under Title VII.

64. As a direct and proximate result of the acts engaged in by Defendant, Alvarado suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under Title VII.

65. The above-mentioned acts of Defendant by and through its agents were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Alvarado's rights under Title VII and justify the awarding of exemplary and punitive/liquidated damages in this cause.

66. Alvarado was wrongfully forced to resign and was constructively discharged on or about September 17, 2019, in retaliation for the complaints she made concerning the Defendant's unlawful acts.

67. Alvarado has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, JANICE ALVARADO, respectfully requests judgment against Defendant, NARVICK BROS. LUMBER CO., in an amount that will fully compensate her for her injuries and damages caused by the Defendant's violation of her rights under Title VII and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief allowable under Title VII and as the Court deems just and appropriate.

## COUNT VI
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE IHRA

68. Plaintiff repeats and reasserts the allegations of paragraphs 1-67 as this paragraph as though fully set forth herein.

69. By the above actions, but not limited to the same, Alvarado was subject to pervasive and continuous unwelcome harassment at the hands of Defendant, in the terms, conditions, and privileges of employment and/or in interfering with her work opportunities because of her sex, in violation of the IHRA.

70. Defendant knew or should have known through Alvarado's complaints of the aforementioned harassment and failed to take prompt remedial action to stop and correct the same.

71. By the above actions but not limited to the same, Defendant created an intimidating, hostile and offensive work environment, which unreasonably interfered with Alvarado's work performance, work opportunities, and seriously affected her psychological well-being.

72. Other male employees were not subjected to the same or similar treatment as Plaintiff was.

73. Due to its inaction, Defendant condoned and ratified the aforementioned unlawful acts.

74. Defendant's wrongful acts were deliberate, intentional, willful, wanton, and malicious and oppressive and in total disregard and reckless indifference to Alvarado's rights under The IHRA.

75. As a direct and proximate result of the acts engaged in by Defendant, Alvarado suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under The IHRA.

76. The above-mentioned acts of Defendant by and through its agents were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless

indifference to Alvarado's rights under The IHRA and justify the awarding of exemplary and punitive/liquidated damages in this cause.

77. Alvarado was wrongfully forced to resign and was constructively discharged on or about September 17, 2019, in retaliation for the complaints she made concerning the Defendant's unlawful acts.

78. Alvarado has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, JANICE ALVARADO, respectfully requests judgment against Defendant, NARVICK BROS. LUMBER CO., in an amount that will fully compensate her for her injuries and damages caused by the Defendant's violation of her rights under The IHRA and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief allowable under Title VII and as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,
**JANICE ALVARADO**

By: /s/ John C. Kreamer /s/

John C. Kreamer, #6270111
Joseph E. Urani #6278626
Kreamer Law Group, LLC
1100 East Warrenville Road
Suite 135
Naperville, IL 60563
(630) 995-3668
(630) 597-9532